[No. 21512.    Department Two.    December 13, 1928.]

JOHN WALLIN, *Respondent,* v. C. J. CARLSON, *et al., Appellants.*[1]

*Hermon S. Frye* and *Frank E. Hammond,* for appellants.

*John J. Sullivan* and *Michael F. Ward,* for respondent.

[1] Reported in 272 Pac. 731.

MAIN, J.—This action is based upon two promissory notes. The defendants denied liability and affirmatively pleaded payment. The cause was tried to the court, without a jury, and resulted in findings of fact and conclusions of law sustaining a recovery upon the notes. Judgment was entered against the defendants in the sum of $5,094.36, from which they appeal.

The facts essential to be stated are these: On January 2, 1922, the respondent, John Wallin, and Anton Erickson were the owners and operators of a stone quarry located at or near Index. On the date mentioned C. J. Carlson acquired a one-third interest in the enterprise. For this one-third interest he gave two notes, each signed by himself and Freda S. Carlson, his wife.

Prior to the institution of this action, Erickson transferred his note to the respondent Wallin. The Wallin note was for $1,637.80 and the other one was for $1,710.20. Thereafter Wallin, Erickson and Carlson operated the stone quarry, as copartners, under the firm name of The Western Granite Company.

In the month of June, 1925, Wallin and Erickson informed Carlson that they desired to sell their interest in the partnership. Carlson then caused each to sign an option to James F. Lane of Seattle. These options are exactly alike, and only one of them will be set out. It is as follows:

"For valuable consideration, the receipt whereof is hereby acknowledged, I, the undersigned, do hereby grant unto J. F. Lane an option for a period of sixty (60) days from this date, to purchase for his account, or to sell to others all of my one-third (1/3) interest in the Western Granite Company, a co-partnership consisting of Carlson, Wallin, [Erickson], and myself, for a consideration of five thousand dollars ($5,000.00) net, to me.

"IT IS FURTHER UNDERSTOOD, that as a part of the consideration of the sale of my said one-third

(1/3) interest in the said Western Granite Company, the said J. F. Lane, on the basis of my interest, will also take up and pay to me the principal and interest of a certain note for two thousand dollars ($2,000.00) made by C. J. Carlson, the holder of a one-third (1/3) interest in the said company. The sale of my interest in said company is to be on the basis of and subject to all the assets and liabilities at the time the purchase is made.                    JOHN WALLIN.

"Dated at Seattle, Washington, the 27th day of July, 1925."

By this option it will be observed that in the matter of consideration three things were mentioned: (a) The purchase price of five thousand dollars; (b) that the notes of Carlson to Wallin and Erickson would be taken up; and (c) that the sale was to be subject "to all the assets and liabilities at the time the purchase is made."

The evidence shows that Wallin and Erickson had each advanced to the partnership approximately two thousand dollars, and this was included in the liabilities thereof.

After the options were signed, Carlson communicated with the Parker Rotary Stone Saw Company, a corporation with its principal place of business in the state of California. Thereupon that company caused its manager to come to Seattle, and negotiations were entered upon looking to the purchase of the Wallin and Erickson interests in the Western Granite Company. The result of these negotiations was a formal contract made September 5, 1925, in which the Parker Rotary Stone Saw Company is named as party of the first part, Wallin and Erickson parties of the second part and Carlson party of the third part.

This contract is comprehensive and covers many matters which are not here material. It bears on its

face evidence of careful preparation. By this contract Erickson and Wallin were each to receive seven thousand dollars for their right, title and interest in the Western Granite Company. At the end of the contract there is this paragraph:

"It is further expressly understood and agreed that the parties of the second part [Wallin and Erickson] will waive all claims and demands against said co-partnership in case this agreement shall be consummated. This waiver refers to moneys heretofore loaned and advanced by said parties of the second part to said co-partnership."

There is no mention in the contract of the Carlson notes.

The appellants contend that the fourteen thousand dollars mentioned in the contract, and which had been paid to Wallin and Erickson prior to the institution of this suit, was a consideration, not only for the purchase of the property, but also for the payment of the notes. Respondent contends that the seven thousand dollars mentioned in the contract to be paid to himself and the seven thousand dollars to be paid to Erickson was five thousand dollars for the purchase price of each and two thousand dollars which each had advanced to the company.

The question, then, is whether the notes had been paid. According to the option above set out, Wallin and Erickson would each have received five thousand dollars for their respective interests in the property, two thousand dollars, approximately, the amount of the promissory note which each held, including interest, and two thousand dollars, the amount that each had advanced to the copartnership, or a total of nine thousand dollars. Under the contract of September 5, 1925, each was to receive seven thousand dollars, and the last provision of the contract, which is above set out, provided that they should waive all claims and de-

mands against the partnership which referred to the money that they had loaned or advanced.

If the appellants' contention be accepted, Wallin and Erickson, under the contract, would each receive a total of seven thousand dollars, while under the option they would have received nine thousand dollars. The contract was carefully drawn, and if the parties had intended that the payments therein provided for should satisfy the Carlson notes, it hardly seems likely that they would have overlooked setting out this fact and it, being an item of approximately four thousand dollars, was of some importance. The record furnished no reason why Wallin and Erickson, at the time the contract was drawn, should be willing to take less for their property than was mentioned in the option to Lane.

The evidence upon the question as to whether the consideration mentioned in the contract should cover the Carlson notes is unequivocally conflicting. Carlson and the manager of the Parker Rotary Stone Saw Company testified that the seven thousand dollars, when paid, liquidated the purchase price of the property and the obligations of the Western Granite Company to Erickson and Wallin, and also the Carlson notes. Wallin and Erickson testified that payment of the Carlson notes was not covered by the consideration mentioned in the contract. The trial court found expressly that the notes had not been paid. Giving consideration to the option, the contract and the evidence, we are satisfied that the trial court reached the correct conclusion. We are convinced that the Carlson notes were not taken into consideration when the contract of September 5 was entered into.

The judgment will be affirmed.

FULLERTON, C. J., FRENCH, and PARKER, JJ., concur.